Long, Appellant, *vs.* Constant, Respondent.

1. A debt evidenced by a note which is lost may be assigned, so as to enable the assignee to sue in his own name.

### *Appeal from Buchanan Circuit Court.*

*Vories*, for appellant, contended that, under the new code, the plaintiff might sue in his own name, and relied upon *Walker* v. *Mauro*, 18 Mo. Rep.

*Willard P. Hall*, for respondent.

Gamble, Judge, delivered the opinion of the court.

Long's petition states, that Constant made his promissory note for $1300, dated February 10th, 1851, payable sixty days after date, to Henry Russell, or bearer, for value received; that Russell lost the note; that a copy of the note was made, and Russell, upon that copy, on the 25th of August, 1851, assigned the note and the debt of $1300 thereby secured, to the plaintiff, and that the defendant was notified of the assignment. The defendant demurred to the petition, and the demurrer was sustained.

Long *v.* Constant.

1. In *Walker* v. *Mauro*, 18 Mo. Rep., it was held that, since the adoption of our code of practice, a debt may be assigned, so as to authorize the assignee to maintain an action in his own name. The assignment of the debt in that case, consisted of an order drawn by the creditor on his debtor, in favor of the person who brought the suit. In other cases, it has been held that, where the debt is evidenced by a bond or note, and it is transferred without assignment on it, the action is to be brought in the name of the obligee or payee, because he is a person recognized by the code as a trustee of an express trust. In the present case, by the loss of the note, payable to Russell or bearer, a court of equity would have had jurisdiction to decree payment by the maker to the payee, and would have required an indemnity from the payee.

It is true, that a distinction has been taken between a lost bond and a lost note, upon the ground that, in an action on a bond, oyer could be prayed, and until it was given, the plaintiff could not proceed with his action, and therefore, he might commence his suit in equity ; but as oyer was not demandable of a note or other unsealed instrument, the plaintiff might proceed at law, and show the contents of the lost instrument. *Walmsly* v. *Child*, 1 Ves. 344. 1 Story Eq. sec. 85. But such distinction does not exist here, where the same proceeding is had, in an action on a note, as in an action on a bond ; and, indeed, all our civil actions are now suits in equity as much as actions at law. In this case, then, we have a suit upon a note payable to bearer, which has been lost or destroyed, and the payee has assigned the debt to the present plaintiff. By the loss or destruction of the instrument, while in the hands of the payee, he could not assign the evidence of the debt so as to comply with our statute regulating the assignment of bonds and notes, and as he sold and assigned the debt to the plaintiff, the plaintiff may maintain the action in his own name. The demurrer, therefore, should have been overruled.

The judgment is reversed, and the cause remanded, with the concurrence of the other judges.